FILED
U.S. District Court
District of Kansas

APR 29 2010

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action |
| ) | |
| v. ) | No. 10- *M-6060*-01- *DWB* |
| ) | |
| DAN ALAN SANCHEZ, ) | |
| ) | |
| Defendant. ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief:

### COUNT 1

On or about February 18, 2010, in the District of Kansas, the defendant,

**DAN ALAN SANCHEZ,**

did knowingly carry a firearm, to-wit: a Smith and Wesson .40 caliber semi-automatic handgun, during and in relation to a drug trafficking crime, for which the person may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c).

### COUNT 2

On or about February 18, 2010, in the District of Kansas, the defendant,

**DAN ALAN SANCHEZ,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess, in and affecting commerce, a firearm, that is: a Smith and Wesson .40 caliber semi-automatic handgun, which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 3

On or about February 18, 2010, in the District of Kansas, the defendant,

**DAN ALAN SANCHEZ,**

did knowingly, intentionally and unlawfully possess, with the intent to distribute, approximately 155 grams of a mixture or substance containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 4

On or about February 18, 2010, in the District of Kansas, the defendant,

**DAN ALAN SANCHEZ,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is: a .22 caliber revolver, which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

I further state that I am a Special Agent with the Drug Enforcement Administration and that this Complaint is based upon the following facts:

See attached affidavit which is incorporated herein by reference.

Continued on the attached sheet and made a part hereof:

   X   Yes       No

ERIK B. SMITH
Drug Enforcement Administration

Subscribed and sworn to before me this 29th day of April, 2010, at Wichita, Kansas.

HONORABLE DONALD W. BOSTWICK
U.S. District Magistrate

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

IN THE MATTER OF THE APPLICATION      )
OF THE UNITED STATES OF AMERICA       ) Case No. _____
FOR A WARRANT TO ARREST               )
DAN ALAN SANCHEZ                      )

**AFFIDAVIT OF ERIK B. SMITH IN SUPPORT OF APPLICATION**

Erik B. Smith, having been duly sworn, states the following:

1. I have been employed as a Special Agent with the Drug Enforcement Administration since August, 2002 and was initially was assigned to the Chicago Field Division - Minneapolis-St. Paul District Office in Minneapolis, Minnesota. In April 2008, I transferred to the St. Louis Field Division - Wichita Resident Office in Wichita, Kansas. During my employment with DEA, I have initiated and participated in several investigations related to the distribution of controlled substances. Prior to my employment with the DEA, I was a Deputy with the Sedgwick County Sheriff's Department in Wichita Kansas for nine years. While holding the rank of detective between 1998 and 2000, I was assigned to the DEA State and Local Task Force in Wichita, Kansas.

2. I have attended and successfully completed the Drug Enforcement Administration's sixteen-week Basic Agent School in Quantico, Virginia. This training dealt with federal drug and money-laundering investigations. I have been assigned numerous local and interstate narcotics investigations that relate to the importation, sale, distribution, and possession of controlled

1

substances. Many of these investigations have resulted in the arrest and conviction of several defendants on state and federal drug trafficking violations.

3. I am an investigator or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

4. This affidavit is being submitted in support of an application for a warrant to arrest Dan Alan SANCHEZ for possession of a controlled substance with intent to distribute, a violation of Title 21, United States Code § 841; possession of a firearm by a prohibited person, a violation of Title 18, United States Code § 922; and carrying of a firearm during and in relation to a drug trafficking offense, in violation of Title 18, United States Code § 924; and is based upon the review of police reports submitted in reference to this investigation, conversations with other investigative personnel involved in the investigation, and personal involvement in the investigation.

## BACKGROUND OF INVESTIGATION

1. Prior to February 2010, Sedgwick County Sheriff detectives had received information from at least two different sources who indicated that a person known as "Daz", a.k.a. "Danny", a.k.a. Dan SANCHEZ distributed methamphetamine in Wichita, Kansas and that SANCHEZ was supplied by a Hispanic male named "Abe".

2. In early February 2010, Detective Lanon Thompson (Sedgwick County Sheriff's Department) was conducting surveillance on an apartment occupied by SANCHEZ, and observed a Hispanic male arrive in a white Dodge Neon. The license plate on the Dodge was registered to Abraham Reyes-Quintero.

3. On February 16, 2010 a vehicle co-owned by Abraham Reyes-Quintero was seized near Springfield, MO containing over 80 pounds of methamphetamine and over 40 pounds of cocaine. Based upon the evidence that indicated SANCHEZ was linked to Reyes-Quintero, investigators initiated additional surveillance on SANCHEZ.

4. On February 18, 2010 Detective Thompson observed a person who he believed to be SANCHEZ arrive at the apartment complex at 900 N. Waco driving a white Cadillac Escalade bearing a Kansas 30-day permit. Approximately 25 minutes later, Detective Thompson saw the vehicle driving away from the apartment, and later stop at a nearby convenience store.

5. Investigators watched as the person they believed to be SANCHEZ meet for a short time with a female, and then leave the store driving west on Douglas from Seneca. Investigators watched as the Escalade slowed to make a left turn onto Gordon, without giving signal within 100 feet as required by Kansas Statutes Annotated (KSA 8-1548).

6. Based upon this violation, a marked patrol vehicle was called to assist in stopping the Escalade and identifying the driver. As the uniformed patrol deputy attempted to do so by activating overhead lights and audible siren, the driver appeared to flee by making a rapid turn and accelerating, traveling a distance of at least 3

blocks before coming to an abrupt stop.

7. The driver opened the vehicle and jumped out into the street, an action that the deputy interpreted as an attempt to flee. The deputy quickly rushed the driver, drawing his weapon and ordering the driver to the ground. After being handcuffed, the driver identified himself as Danny SANCHEZ and said that he had a suspended driver's license, and ran because he was scared. SANCHEZ told the deputy that he had an identification card in his pocket. While retrieving the identification, the deputy discovered over $5,600 in cash in SANCHEZ' pocket. The identification card labeled SANCHEZ as a registered offender.

8. While preparing to inventory and impound the vehicle, the deputy attempted to determine ownership of the vehicle by looking in the console for registration and insurance information. In doing so, the deputy noticed a Smith and Wesson .40 caliber semi-automatic handgun and a black nylon bag in the console. The bag contained approximately 255 grams of a substance that later field-tested positive for methamphetamine.

9. The deputy backed out of the vehicle and requested that the vehicle be impounded and notified detectives. The vehicle was impounded to a secure Sheriff facility, where it was searched more thoroughly. Detective Thompson found a black duffle bag in the back seat containing over $23,000 in cash. A drug detection canine was deployed, alerting to the odor of controlled substances on the duffle bag.

10. SANCHEZ was arrested for the drug and weapons violations and transported to the Investigations Division at the Sedgwick County Courthouse. SANCHEZ

4

waived his *Miranda* rights and agreed to cooperate with the investigation. He told Detective Thompson that he was taking the money to "Abe", to pay a methamphetamine debt. SANCHEZ identified a photograph of Abraham Reyes-Quintero as the person he obtained methamphetamine from.

11. SANCHEZ also signed a written consent to search form for the apartment he lived in at 900 N. Waco #2204. A search of this apartment revealed a .22 caliber revolver and two additional bags of methamphetamine totaling approximately 11 grams. SANCHEZ told Detective Thompson that he obtained the .40 caliber pistol from Jason Unruh, and that the .22 caliber revolver was dropped by Sean Windsor during a drug-related robbery.

12. SANCHEZ also said that he was on community corrections supervision stemming from a felony drug and aggravated assault conviction in Harvey County, Kansas.

13. Affiant has reviewed the criminal history for Dan Alan SANCHEZ and learned that he was convicted in February 2007 in Harvey County (Kansas) District Court for two counts each of possession and sale of narcotic drugs, each a felony offense prohibiting him from possession a firearm.

WHEREFORE, Affiant has probable cause to believe, and does believe, that Dan Alan SANCHEZ did possess with the intent to distribute methamphetamine in violation of 21 USC § 841; did possess a firearm by a prohibited person, to wit: subsequent to a felony conviction, in violation of 18 USC § 922; and did carry a firearm during and in relation to a drug trafficking crime, in violation of 18 USC § 924.

FURTHER AFFIANT SAITH NOT.

*[signature]*

Erik B. Smith
Special Agent
Drug Enforcement Administration

SUBSCRIBED TO AND SWORN before me this 29th day of April, 2010.

*[signature]*

Donald W. Bostwick
United States Magistrate Judge
District of Kansas

6