**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF KANSAS**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| -vs- ) | Case No. 10-10077-01-EFM |
| ) | |
| **DAN ALAN SANCHEZ,** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |

## MOTION TO SUPPRESS

**COMES NOW,** the Defendant, Dan Alan Sanchez, by and through his attorney, Charles A. O'Hara, and moves the Court to suppress the stop of the Defendant's vehicle and all evidence stemming from the stop. The Defendant also moves to suppress the search of the vehicle and all stemming from that search. For cause the Defendant would show the Court the following.

1. The Defendant was allegedly stopped for failing to signal 100 feet prior to the turn.

2. The Defendant asserts he did signal 100 feet before the turn. Therefore, the Defendant did not commit any violation for which he could have been legally stopped.

3. The vehicle was stopped without legal course.

4. The Defendant left the vehicle on foot after he was illegally stopped.

5. The Defendant was actually arrested at a location different from the vehicle and where the stop occurred.

6. The stop was for an illegal turn and when the Defendant was arrested (at a different location then the vehicle), the Defendant stated he ran from the vehicle because he had a suspended driver's license.

7. The vehicle was searched without a warrant. There was no legal reason to search the vehicle without a warrant.

8. All evidence stemming from the stop and/or all evidence stemming from the search of the Defendant vehicle should be suppressed and not admitted into evidence.

## ARGUMENTS AND AUTHORITIES

**I.   Evidence obtained as a result of the illegal search of Defendant's vehicle must be suppressed.**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose constitutes a "seizure" of persons within the meaning of this provision. **Whren –vs- U.S.,** 517 U.S. 806 (1979). An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. **Id.** As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic infraction has occurred. **Id.** See **Pennsylvania –vs- Mimms,** 434 U.S. 106 (1977). There is a two-step inquiry when considering the constitutionality of a traffic stop under the Fourth Amendment. **U.S. –vs- Cline,** 349 F. 3d 1276 (10th Cir. 2003).

The scope and duration of a seizure must be strictly tied to and justified by the circumstances which rendered its initiation proper. **Terry –vs- Ohio,** 391 U.S. 1 (1968). The police must have articulable facts and reasonable suspicion that Defendant is involved in criminal activity to stop him. **Id.** The totality of the circumstances test is used to decide if an officer had the requisite reasonable suspicion. **United States –vs- Salzano,** 149 F. 3d. 1238, 1242 (10th Cir. 1998). "A traffic stop is a seizure within the meaning of the Fourth Amendment, 'even though the purpose of the stop is limited and the resulting detention quite brief.' [Citation omitted.] An ordinary traffic stop is, however, more analogous to an investigative detention than a custodial arrest. We therefore analyze such stops under the principles pertaining to investigative detentions set forth in **Terry**, 391 U.S. 1. To determine the reasonableness of an investigative detention, we make a dual inquiry, asking first, 'whether the officer's action was justified at its inception,' and second 'whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" [Citations omitted.] **U.S. –vs- Botero-Ospina,** 71 F. 3d 783 (10th Cir. 1995).

In the instant matter K.S.A. 8-1548(b) states:

> "A signal of intention to turn or move right or left when required shall be given continuously during not less than one hundred (100) feet traveled by the vehicle before turning."

The Defendant asserts he signaled more than 100 feet before turning. Therefore, he did not commit a traffic violation.

In relation to the search of the Defendant's vehicle. At the time of the traffic stop, the Defendant left the vehicle and was apprehended by law enforcement at a different

3

location. When apprehended, the Defendant was asked why he left the vehicle. The Defendant responded because he had a suspended driver's license. Therefore, the Defendant was arrested for failing to signal 100 feet before a turn and driving on a suspended driver's license.

The two things for which the Defendant was arrested in no way indicated there was evidence of either of these crimes in the vehicle. Further, since the Defendant was arrested away from the vehicle, law enforcement could not have believed he could access his vehicle.

In the instant matter, law enforcement claimed the vehicle was searched while looking for proof of insurance and a registration. The Defendant was not arrested for these offenses. Proof of insurance and the vehicle registration are not proof of either the alleged illegal turn or driving on a suspended driver's license.

Pursuant to **Arizona –vs- Gant,** 129 S. Ct. 1710, 173 L. Ed. 2d 485 the search of the vehicle should be suppressed and the evidence stemming therefrom not admitted into evidence.

**IT IS SO MOVED.**

                                                      **S/Charles A. O'Hara**
                                         **Charles A. O'Hara, Attorney for**
                                         **Defendant, Dan Alan Sanchez**

**CERTIFICATE OF SERVICE**

     I, Charles A. O'Hara, do hereby certify that I electronically filed the foregoing Motion to Suppress with the Clerk of the Court by using the EM/ECF system, which will send a notice of the filing to the United States Attorney's Office, on this 26th day of July, 2010.

          S/ Charles A. O'Hara
          Charles A. O'Hara,  Bar No. 08979
          Attorney for Dan Alan Sanchez
          O'Hara & O'Hara
          1223 E. First Street
          Wichita, Kansas 67214
          Phone: (316) 263-5601
          Fax No. (316) 263-7205
e-mail address: oharaohara@sbcglobal.net