**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No.  10-10077-01-EFM |
| **DAN ALAN SANCHEZ,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTIONS TO SUPPRESS**

COMES NOW the United States of America,  by and through Special Assistant United States Attorney Chad J. Sublet, and responds to Doc. 22, Defendant's Motions to Suppress and the brief in support, which seek orders suppressing the stop of defendant's vehicle and all evidence stemming from the stop.

**CHARGES**

On May 5, 2010, A grand jury sitting in the District of Kansas returned a four count indictment charging the defendant with the following crimes:

1.     Carrying a firearm during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

2.     Felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

1

3.      Possession with intent to distribute 155 grams of a mixture of substance

containing a detectable amount of methamphetamine in violation of Title 21,

United States Code, Section 841(b)(1)(B) and Title 18, United States

Code, Section 2.

4.      Felon in possession of a firearm in violation of Title 18, United States

Code, Sections 922(g)(1) and 924(a)(2).

On June 30, 2010, a grand jury sitting in the District of Kansas returned a Superseding

Information amending count three to possession with intent to distribute 250 grams or more

of pure methamphetamine in violation of Title 21,United States Code, Section 841(b)(1)(A)

and Title 18, United States Code, Section 2. The remaining counts remained the same as the

original indictment.

## DEFENDANT'S  REQUESTS

In essence, the defendant moves the court to enter an order suppressing the evidence

obtained by law enforcement officers on February 18, 2010, following the search of the

defendant's vehicle.

## FACTS

On February 18, 2010, Deputy Michael Hollie was contacted by Narcotics Detectives

to stop the defendant's vehicle for failing to use his signal for at least 100 feet prior to

executing a turn in violation of K.S.A. 8-1548(b).

Deputy Hollie observed the defendant's vehicle heading west on Douglas at the intersection of Douglas and Seneca street. Once Deputy Hollie began following the defendant, the defendant turned Southbound on Gordon Street failing to use his signal once again in violation of K.S.A. 8-1548(b). At this point Deputy Hollie activated his emergency lights and sirens and the defendant accelerated and turned Northbound on Custer Street. The defendant continued to accelerate then came to a sudden and abrupt stop at 108 Custer Street.

Once stopped, the defendant quickly exited the vehicle and motioned as if he was going to run. Deputy Hollie drew his service weapon and ordered the defendant to the ground. The defendant complied and was taken into custody by Deputy Rexroat who had arrived on the scene. The defendant indicated his name was Danny Sanchez and he had his identification in his wallet, which was located in his right rear pocket. Upon locating the wallet, Deputy Hollie found a Kansas identification card which identified the defendant as Danny Sanchez. Mr. Sanchez then indicated he had a suspended drivers license. At this point the defendant was placed in Deputy Rexroat's patrol vehicle.

The defendant's vehicle had a 30 day tag on it and it was unclear who owned the vehicle. Deputy Hollie entered the defendant's vehicle looking for registration and indicia of ownership. Deputy Hollie opened the center console of the vehicle and in plain view was a pistol beside a black nylon bag containing a document of some sort. Upon looking in the bag, Deputy Hollie discovered three plastic baggies containing a white rystalline substance which Deputy Hollie believed to be methamphetamine

Upon discovering the firearm and methamphetamine, Deputy Hollie backed out of the vehicle and contacted detectives from the narcotics division and it was decided the vehicle would be impounded and inventoried.

## THE STOP OF THE VEHICLE WAS AUTHORIZED

The decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic infraction has occurred. Whren v. U.S.,517 U.S. 806 (1979). K.S.A. 8-1548(b) states that " A signal of intention to turn or move right or left when required shall be given continuously during not less than one hundred (100) feet traveled by the vehicle before turning.

In the current case narcotics detectives informed Deputy Hollie that the defendant had failed to signal within 100 feet of making a turn. Additionally, Deputy Hollie himself witnessed the defendant fail to signal within 100 feet of turning South on Gordon Street from Douglas. Specifically, the defendant only signaled one blink of his signal prior to turning.

Deputy Hollie clearly had reasonable suspicion to believe the defendant had violated K.S.A. 8-1548(b) and it was proper for him to stop the defendant for this violation.

## THE SEARCH OF THE DEFENDANT'S VEHICLE WAS A PROPER IMPOUND AND INVENTORY SEARCH.

The defendant's vehicle was properly searched pursuant to the inventory policy of the Sedgwick County Sheriff's Department. "It is well established that law enforcement officers may make a warrantees search of a legitimately seized vehicle provided the inventory is

conducted according to standard criteria or established routine." U.S. v. Hurst, 228 F.3d 751, 758 (6th Cir. 2000).

When a driver is lawfully arrested and thus disabled from continuing his journey, the constitution permits the police to carry out a routine inventory examination incident to impounding the vehicle. U.S. v. Staula, 80 F.3d 596, 603 (1st Cir. 1996).

In the current case it was unclear who the true owner of the vehicle was. The vehicle only had a 30 day tag which did not indicate who the owner was. The only way to determine true ownership was by looking inside the vehicle pursuant to a lawful impound and inventory. The Sedgwick County Sheriff's office followed their  impound and inventory policy in this case and it was a lawful search pursuant to the impound and inventory doctrine.

WHEREFORE, the defendant's motion to dismiss should be denied.

Respectfully submitted,

LANNY D. WELCH
United States Attorney

S/Chad Sublet
CHAD SUBLET, #22644
Special Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Telephone: (316) 269-6481
Fax: (316) 269-6484
E-mail: chad.sublet@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2010,  I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing

to **Charlie O'Hara**, attorney for defendant Dan Alan Sanchez.


S/Chad Sublet
CHAD SUBLET
Special Assistant U.S. Attorney