IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'10 AUG 16 P5:27

CLERK, U.S. DISTRICT COURT
BY ___ *M* ___ DEPUTY CLERK
AT WICHITA, KS

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } No.  10-10077-01-EFM |
| | } |
| DAN ALAN SANCHEZ, | } |
| | } |
| Defendant. | } |

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by Chad Sublet, Special Assistant U.S. Attorney, and Dan Alan Sanchez, the defendant, personally and by and through his attorney, Charles A. O'Hara, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**    If the Court permits, the defendant agrees *Superseding* 7-16-2010 8.16 2010 to plead guilty to Count 1 of the Indictment charging a violation of Title 18, United States Code, § 924(c), that is, knowingly carrying a firearm during and in relation to a drug trafficking crime. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed  as to Count 1 of the Indictment to which the defendant has agreed to plead guilty is up to

life imprisonment with a mandatory minimum of five (5) years imprisonment, a

$250,000.00 fine, up to five (5) years of supervised release, and a $100 mandatory

special assessment. The United States agrees that at the time of sentencing it will

move for dismissal of the remaining counts of the indictment.

    **2. Factual Basis for the Guilty Plea.** The parties agree the facts constituting

the offense to which the defendant is pleading guilty are as follows:

> On February 18, 2010, the defendant was stopped in Wichita Kansas for
> committing a traffic infraction. A subsequent search of the defendant's
> vehicle uncovered a Smith and Wesson .40 Caliber handgun sitting on
> top of three zipper baggies containing a large quantity of
> methamphetamine. Upon searching the defendant, deputies discovered
> approximately $5,000 in U.S. currency.
>
> After being read his Miranda warnings, the defendant agreed to talk
> with detectives from the Sedgwick County Sheriff's Department.
> Mr. Sanchez informed deputies he was on his way to meet with a
> Hispanic male to purchase methamphetamine.
>
> The Smith and Wesson .40 Caliber handgun was test fired and is a
> Firearm pursuant to 18 U.S.C. § 921(a)(3). The defendant admits that
> on February 18, 2010, in the District of Kansas, he carried a Smith
> and Wesson .40 Caliber handgun during and in relation to a drug
> trafficking crime for which he may be prosecuted in a Court of the
> United States. Further, the defendant admits that the Smith and
> Wesson .40 Caliber handgun is a Firearm pursuant to 18 U.S.C. §
> 921(a)(3)

    **3.    Proposed 11(c)(1)(C) Sentence.** The parties propose, as an appropriate

disposition of the case, a sentence of six (6) year in prison; five (5)  years of

supervised release; no fine; and the mandatory special assessment of $100 to be paid during the defendant's incarceration. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement. This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

**4.     Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

3

**5.    Government's Additional Agreement .**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment.

**6.    Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.**  The Court has no obligation to accept the proposed plea agreement and sentence.  It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

**7.    Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**    On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it.  Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

**8.    Payment of Special Assessment.**    The defendant understands that a mandatory special assessment of $100 will be entered against the defendant at the time of sentencing.    The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

4

**9.** **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing

5

waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

**10.** **Waiver of FOIA Request.**    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**11.** **Full Disclosure by United States.**    The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also

6

has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**12.    Parties to the Agreement.**    The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**13.    Deportation Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Under Federal law, crimes involving controlled substances, firearms, aggravated felonies, or moral turpitude are deportable offenses; and the defendant's plea to any such crime may subject him to automatic deportation and removal from the United States. See 8 U.S.C. § 1227(a)(2) et. seq. Defendant affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequence includes his automatic deportation and removal from the United States.

**14.    No Other Agreements.**    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by

7

defendant's counsel. Further, the defendant acknowledges that he has had the plea

agreement read to him, understands it and agrees it is true and accurate and not the

result of any threats, duress or coercion. The defendant further understands that this

plea agreement supersedes any and all other agreements or negotiations between the

parties, and that this agreement embodies each and every term of the agreement

between the parties. The defendant acknowledges that the defendant is entering into

this agreement and is pleading guilty because the defendant is guilty and is doing so

freely and voluntarily.


Date: 8/11/2010

CHAD SUBLET
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas   67202
(316) 269-6481
Kan. Sup. Ct. No. 22644

Date: 8/11/10

DAVID M. LIND
Criminal Supervisor

Date: 8/11/10

LANNY D. WELCH
United States Attorney

8

DAN ALAN SANCHEZ
Defendant

Date: 8-16-2010

CHARLES A. O'HARA
O'Hara & O'Hara
1223 E. First Street
Wichita, KS 67214
316-263-5601
Ks.S.Ct.#08979

Date: 8·16·2010

9