FILED
U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT DISTRICT OF KANSAS
FOR THE DISTRICT OF KANSAS

'10 DEC 20 P 4 :56

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | } | CLERK, U.S. DISTRICT COURT |
|  | } | BY: *Cm* DEPUTY CLERK |
| Plaintiff, | } |  |
|  | } |  |
| v. | } | No.  10-10077-01-EFM |
|  | } |  |
| DAN ALAN SANCHEZ, | } |  |
|  | } |  |
| Defendant. | } |  |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney,

Chad Sublet, and Dan Alan Sanchez, the defendant, personally and by and through

defendant's counsel, Charles A. O'Hara, hereby enter into the following plea agreement

pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

**1.     Defendant's Guilty Plea.**     The defendant agrees to plead guilty to Counts

1 and 2 of a Superseding Information charging Unlawful Use of a Communication

Device, in violation of Title 21, United States Code, § 843(b) and Title 18, United States

Code, §2.  By entering into this plea agreement, the defendant admits to knowingly

committing this offense, and to being guilty of this offense.  The defendant understands

that the maximum sentence which may be imposed as to these Counts of the Information

to which the defendant has agreed to plead guilty is not more 4 years of imprisonment

each, and 1 year of supervised release, and a $100 mandatory special assessment. The

defendant and the Government agree that at the time of sentencing, there will be a joint

recommendation that the defendant be sentenced to 48 months on each count to run

consecutively for a total prison sentence of 96 months, 1 year of supervised release and a

$100.00 special assessment on each count for a total of $200.00. The United States

agrees that at the time of sentencing it will move for dismissal of the of the indictment.

    **2.**    **Factual Basis for the Guilty Plea.**    The parties agree the facts

constituting the offense to which the defendant is pleading guilty are as follows:

> On February 18th 2010, the defendant used his cellular telephone to contact
> a LOREN LNU. The purpose of the phone call was to sell LOREN a
> quantity of substance containing methamphetamine. Specifically, the
> defendant admits to knowingly and intentionally using a communication
> facility i.e., a telephone, to arrange for the sale of a quantity of substance
> containing methamphetamine to a LOREN LNU. Further, this act took
> place in the District of Kansas. Additionally, the defendant made a separate
> phone call on February 18th 2010, to ADRIAN LNU. The purpose of the
> phone call to ADRIAN LNU was to sell ADRIAN LNU a quantity of
> substance containing methamphetamine. Specifically, the defendant admits
> to knowingly and intentionally using a communication facility i.e., a
> telephone, to arrange for the sale of a quantity of substance containing
> methamphetamine to a ADRIAN LNU. Further, this act took place in the
> District of Kansas.

    **3.**    **Application of the Sentencing Guidelines.**    The parties request that the

United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the

applicable sentence in this case and that a sentence consistent with the Guidelines be

imposed by the Court. The defendant further waives any right to have facts that

determine the offense level under the Guidelines alleged in an indictment and found by a

2

jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to jointly request the statutory maximum sentence be applied to each count in the superceding information and for each sentence to run consecutively for a total controlling prison sentence of 96 months. The parties understand this agreement binds the parties only and does not bind the Court.

4.  **Relevant Conduct.**    The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Counts 1 and 2, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.  **Government's Agreements.**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

   a.   To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

   b.   To recommend a sentence of 48 months on each count of the superceding information to run consecutively for a total sentence of 96 months;

3

        c.      To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.      In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings.

The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

**6.      Sentence to be Determined by the Court.**      The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

**7.      Information Provided by Defendant.**      The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

**8.** **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

**9.** **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 5(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**10.** **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28,

6

U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187

(10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion

brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right

to appeal the sentence imposed in this case except to the extent, if any, the court departs

upwards from the applicable sentencing guideline range determined by the court.

However, if the United States exercises its right to appeal the sentence imposed as

authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and

may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Notwithstanding the forgoing waivers, the parties understand that the defendant in no way

waives any subsequent claims with regards to ineffective assistance of counsel or

prosecutorial misconduct.

      **11.**   **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether

asserted directly or by a representative, to request or receive from any department or

agency of the United States any records pertaining to the investigation or prosecution of

this case including, without limitation, any records that may be sought under the Freedom

of Information Act, Title 5, U.S.C. § 552 and the defendant waives any rights conferred

under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the

disclosure of records or materials pertaining to this case.

7

**12.    Waiver of Claim for Attorney's Fees.**    The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**13.    Full Disclosure by United States.**    The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**14.    Deportation Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under Federal law, crimes involving controlled substances, firearms, aggravated felonies, or moral turpitude are deportable offenses; and the defendant's plea

8

to any such crime may subject him to automatic deportation and removal from the United States. See 8 U.S.C. § 1227(a)(2) et. seq. Defendant affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequence includes his automatic deportation and removal from the United States.

**15.    Parties to the Agreement.**    The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**16.    No Other Agreements.**    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this

agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

9

CHAD SUBLET
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
Kan. Sup. Ct. No. 22644

Date: 12/15/2010

DAVID LIND
Criminal Chief/Supervisor

Date: 12 [15 [10

Dan alan Smkz

DAN ALAN SANCHEZ
Defendant

Date: 12/20/10

CHARLES A. O'HARA
O'Hara & O'Hara
1223 E. First Street
Wichita, KS 67214
316-263-5601
Ks.S.Ct.#08979

Date: 12/20/10 -

10